# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### June 28, 2012 Session

## ALLISON LOUISE BATTLES v. ANDREW BRUCE BATTLES

**Direct Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2010-CV-550    C. L. Rogers, Judge**

---

**No. M2011-01762-COA-R3-CV - Filed September 26, 2012**

---

This is an appeal of an alimony award.  On appeal, Husband contends that the trial court erred by awarding Wife alimony in futuro.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Martin Sir and April Watkins, Nashville, Tennessee, for the appellant, Andrew Bruce Battles.

John R. Phillips, Jr., Gallatin, Tennessee, for the appellee, Allison Louise Battles.

## MEMORANDUM OPINION[1]

### I.  Background and Procedural History

On July 23,1988, Andrew Bruce Battles ("Husband") and Allison Louise Battles ("Wife") were married.  Two sons were born of the marriage.  Husband, a college professor, has a doctorate in education.  Wife, a special education teacher, has a masters degree.  On

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

July 29, 2008, the parties separated after Husband moved out of the marital residence. The two adult sons remained living in the marital residence with Wife after Husband moved out.

On May 3, 2010, Wife filed a complaint for divorce based upon Husband's inappropriate marital conduct, or in the alternative, irreconcilable differences. Wife sought temporary and permanent alimony based on her need and Husband's ability to pay. In response to a motion by Wife, the parties agreed to the entry of an order providing that Husband would pay Wife $800.00 per month in spousal support beginning on June 1, 2010, and continue to pay the health insurance costs for the parties' adult sons upon the condition that such obligations would not exceed six months. On June 11, 2010, Husband filed an answer and counter-complaint for divorce denying Wife's allegations of inappropriate marital conduct, but admitted that the parties experienced irreconcilable differences. Husband further argued that Wife was not entitled to temporary or permanent spousal support, and alleged that he should be granted a divorce based on Wife's inappropriate marital conduct. Wife denied the allegations of inappropriate marital conduct, but admitted that irreconcilable differences existed between them.

On November 30, 2010, the trial court conducted a hearing on the parties' complaints for divorce. At the conclusion of the hearing, the trial court concluded that Wife was entitled to a divorce based upon Husband's inappropriate marital conduct. The trial court found that Wife was economically disadvantaged and could not be rehabilitated so as to increase her earning potential. The trial court further found that Wife demonstrated a reasonable monthly need of $700.00. On the other hand, the trial court concluded that Husband had an average yearly income of $63,395.00 and substantial separate assets of at least $100,000, and therefore had the ability to pay. Thus, on December 29, 2010, the trial court entered the Final Decree of Divorce, requiring Husband to pay Wife alimony in futuro in the amount of $700.00 per month.

Subsequently, on January 28, 2011, Husband filed a motion to clarify and/or to alter or amend the Final Decree seeking reconsideration of the alimony award. Wife responded to Husband's motions, and filed her own motion to clarify and/or to alter or amend seeking an increase in the alimony amount based on the fact that her employment contract with the school was not renewed, and her only income was expected monthly unemployment benefits of $971.67. On July 12, 2011, after considering the parties' respective motions, the trial court entered an order refusing to reconsider its alimony in futuro award of $700.00 per month to Wife. Thereafter, Husband timely filed a notice of appeal to this Court.

## II. Issue Presented and Standard of Review

The sole issue presented for our review is whether the trial court erred by awarding

Wife alimony in futuro. It is well settled that a trial court's decision regarding an award of spousal support is factually driven and involves the careful balancing of many factors. *Robertson v. Robertson*, 76 S.W.3d 337, 340-41 (Tenn. 2002); *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001). "[T]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (quoting *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006)). We decline to second-guess a trial court's decision to award spousal support absent an abuse of discretion. *Id.* (citing *Robertson*, 76 S.W.3d at 343). A trial court abuses its discretion when it "causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Id.* (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010)). This standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Rather, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). We review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000). No presumption of correctness attaches to the trial court's conclusions of law, however, and our review is *de novo*. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## III. Analysis

On appeal, Husband argues that the trial court erred in awarding Wife alimony in futuro because it misinterpreted the meaning of "rehabilitation" and "economic disadvantage" as those terms relate to an award of alimony in futuro. Tennessee Code Annotated section 36-5-121 provides courts discretion to award spousal support "according to the nature of the case and the circumstances of the parties." Tenn. Code Ann. § 36-5-121(a) (2010). Although there is a legislative preference for awarding rehabilitative alimony, "when the court finds that there is relative economic disadvantage and that rehabilitation is not feasible," an award of alimony in futuro is warranted. Tenn. Code Ann. § 36-5-121(f)(1). In other words, alimony in futuro is appropriate when a

> disadvantaged spouse is unable to achieve, with reasonable effort, an earning
> capacity that will permit the spouse's standard of living after the divorce to be
> reasonably comparable to the standard of living enjoyed during the marriage,
> or to the post-divorce standard of living expected to be available to the other

spouse.

*Id.* In determining whether to award spousal support and the nature, amount, and duration of such support, courts consider several factors, including:

> (1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;
> (3) The duration of the marriage;
> (4) The age and mental condition of each party;
> (5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;
> (7) The separate assets of each party, both real and personal, tangible and intangible;
> (8) The provisions made with regard to the marital property, as defined in § 36-4-121;
> (9) The standard of living of the parties established during the marriage;
> (10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
> (11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and
> (12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i)(1)-(12). The two most important factors relating to a trial court's award of alimony are the need of the economically disadvantaged spouse and the obligor spouse's ability to pay. *See Watson v. Watson*, 309 S.W.3d 483, 497-98 (Tenn. Ct. App. 2009) (citation omitted); *Williams v. Williams*, 286 S.W.3d 290, 295-96 (Tenn. Ct. App. 2008) (citations omitted).

Regarding the award of alimony in futuro, the Final Decree provides:

[T]he Court finds that this is a marriage of long duration. In assessing the Wife's need, the Court reviewed her income and expense exhibit and her testimony. Certain items of her expenses are related to the parties' adult children or are no longer necessary. As a result, the Court has determined that the Wife does have a reasonable monthly need of $700.00. The Court further finds that the Wife is economically disadvantaged in that she is 53 [years old] and the income she currently receives is quite likely going to be close to her highest earning ability. Further, the Court finds that the Wife faces certain obstacles in gaining future permanent full-time employment in her current profession.

. . . .

The Court finds that any rehabilitation of the Wife would be of no use as she currently has an adequate amount of education.

The Court acknowledged that the Wife has had a long term standard of living which will be changed by the conduct of the Husband and the termination of this marriage. The Court further acknowledged that the Wife does not have any real ability to replace any income or to substantially increase her income. The Court did consider the assets and separate property of both parties and specifically of the Husband.

The Court affirmatively finds that the Husband has the ability to pay alimony to the Wife. The Court finds that the Husband has an average yearly income of $63,395.00. The Court finds that the monthly income of the Husband is $5,283.00 and that the Husband has substantial liquid separate assets consisting, in part, of at least $100,000 in cash recently inherited from his mother.

The Court finds that transitional alimony for a set period of time is not appropriate in this case. Therefore, the Court finds that the Wife should be awarded alimony in futuro which shall be paid until the death or remarriage of the Wife.

After thoroughly reviewing the record, giving due deference to the trial court's credibility determinations, we agree with the trial court's decision to award alimony in futuro in this matter. The parties were married for twenty-two (22) years. The trial court granted Wife a divorce based on Husband's inappropriate marital conduct. In light of Wife's age, education, and experience, any attempt at rehabilitation would have been futile. Although

Wife worked as a special education teacher at the time of trial, her employment contract was not renewed, and thereafter she only received monthly unemployment benefits of $971.67. On the other hand, as noted by the trial court, Husband earns approximately $5,283.00 per month, and has substantial separate assets in excess of $100,000. A relative economic disadvantage undoubtedly exists between the parties. Despite these facts, Husband asks this Court to reevaluate the evidence presented to the trial court and reach a different conclusion. We emphasize, however, that a trial court's decision to award alimony is reviewed for an abuse of discretion. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Robertson v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002)). As such, we must affirm the trial court's ruling "'so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). Therefore, while Husband may disagree, we decline his invitation to second-guess the trial court's discretionary decision in this matter. Discerning no error, we affirm.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Andrew Bruce Battles, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE